IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID PRADO,

    Plaintiff,

v.

CHASE HOME FINANCIAL,

    Defendant.
_____/

No. CIV S-09-0332 JAM DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

This case came before the court on April 3, 2009, for hearing of defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 6). S. Christopher Yoo, Esq. appeared telephonically for defendant Chase Home Finance, LLC, erroneously sued as Chase Home Financial. Plaintiff, who is proceeding pro se in this action, made no appearance at the hearing.[1]

Upon consideration of all written materials filed in connection with the motion, the arguments at the hearing, and the entire file, the undersigned recommends that defendant's motion be granted and this action be dismissed with prejudice.

---

[1] Plaintiff has filed nothing with the court since his complaint was received. Plaintiff's failure to appear at the hearing on defendant's motion to dismiss may be deemed a statement of no opposition to the granting of the motion. See Local Rule 78-230 (j).

1

BACKGROUND

Plaintiff filed his fee-paid verified complaint in this action on February 5, 2009. Therein, he alleged fraud, usury, abuse of process, intentional infliction of emotional distress and trespass apparently in connection with a mortgage loan taken out by plaintiff and subsequent foreclosure proceedings. (Doc. No. 1.) On February 26, 2009 defendant Chase Home Finance filed its motion to dismiss (Doc. No. 6) along with a Request for Judicial Notice of documents appearing in the public record related to the Deed of Trust on the subject property.[2] (Doc. No. 7.) Plaintiff filed no written opposition to the motion to dismiss. Counsel for defendant filed a timely reply, noting plaintiff's failure to file opposition. (Doc. No. 9 at 2.)

PLAINTIFF'S CLAIMS

In his complaint plaintiff alleges in conclusory fashion that defendant Chase Home Finance, and its employees, failed to disclose and concealed facts from plaintiff that they had a duty to disclose and made misrepresentations to plaintiff that influenced his conduct. (Compl. at 3-4.) Plaintiff appears to allege that defendant Chase Home Finance charged him a usurious rate of interest and used its superior skill and experience in the area of home loans to defraud him. (Compl. at 5.) Finally, plaintiff also appears to allege that defendant trespassed on his property (apparently in connection with foreclosure proceedings) and asks this court to enjoin any eviction or foreclosure proceedings. (Id. at 6-8.) Based on these vague allegations, plaintiff's complaint purports to state causes of action for fraud, usury, abuse of process,

---

[2] On a motion to dismiss, the court may take judicial notice of matters of public record outside the pleadings. MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986). A court may take judicial notice of its own files and of documents filed in other courts. Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of documents related to a settlement in another case that bore on whether the plaintiff was still able to assert its claims in the pending case); Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of court filings in a state court case where the same plaintiff asserted similar and related claims); Hott v. City of San Jose, 92 F. Supp. 2d 996, 998 (N.D. Cal. 2000) (taking judicial notice of relevant memoranda and orders filed in state court cases). Accordingly, defendant's request for judicial notice will be granted.

1  intentional infliction of emotional distress and trespass.  In addition to the injunctive relief noted
2  above, the complaint seeks general and damages totaling $4,000,000.00.  (Id. at 10.)

DEFENDANT'S ARGUMENTS

Defendant seeks dismissal of plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that plaintiff has simply failed to allege facts sufficient to state a cognizable claim with respect to any of his purported causes of action.  Specifically, defendant observes that plaintiff's complaint "consists of a hodgepodge of incoherent claims with virtually no supporting factual allegations" all apparently stemming from a Deed of Trust encumbering plaintiff's Vallejo property.  (Mot. at 1.)  Defendant argues that there are no allegations of:  what representations were allegedly made by Chase Home Finance; that plaintiff justifiably relied on such representations, specific intrusions or trespasses by defendant or of any viable theory of recovery against defendant Chase.  Defendant argues that under the governing legal standards, plaintiff's complaint fails to state any cognizable claim and should be dismissed with prejudice.[3]

As noted above, plaintiff filed no opposition to the pending motion and failed to appear at the hearing.

LEGAL STANDARDS APPLICABLE TO DEFENDANT'S MOTION

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901

---

[3] Defendant points out that documents in the public record, provided in their Request for Judicial Notice, reflect that: a Deed of Trust encumbering the subject property was recorded April 27, 2006, with WMC Mortgage Corp. as the lender, Mortgage Electronic Registration Systems, Inc. as the beneficiary, and plaintiff as the borrower; a Notice of Default was recorded May 13, 2008, with the loan secured by the Deed of Trust at least $15,384.93 in arrears; an Assignment of Deed of Trust was recorded on June 26, 2008, identifying U.S. Bank National Association as Trustee for J.P. Morgan Chase bank as the assignee of all beneficial interest under the Deed of Trust; a Substitution of Trustees recorded July 1, 2008, identifies NDEx West, LLC as the substituted Trustee; and a Notice of Trustee Sale in connection with the Deed of Trust was recorded on August 18, 2008. (Mot. at 2; Doc. No. 7, Exs. 1-5.)

1  F.2d 696, 699 (9th Cir. 1990).  A plaintiff is required to allege "enough facts to state a claim to
2  relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct.
3  1955, 1974 (2007).  Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to
4  grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.
5           In determining whether a complaint states a claim on which relief may be granted,
6  the court accepts as true the allegations in the complaint and construes the allegations in the light
7  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
8  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In general, pro se complaints are held to less
9  stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519,
10  520-21 (1972).  However, the court need not assume the truth of legal conclusions cast in the
11  form of factual allegations.  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  The
12  court is permitted to consider material which is properly submitted as part of the complaint,
13  documents not physically attached to the complaint if their authenticity is not contested and the
14  plaintiff's complaint necessarily relies on them, and matters of public record.  Lee v. City of Los
15  Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).
16           Federal Rule of Civil Procedure 9, titled "Pleading Special Matters," provides as
17  follows with regard to claims of "Fraud, Mistake, Condition of the Mind":

> In all averments of fraud or mistake, the circumstances constituting
> fraud or mistake shall be stated with particularity.  Malice, intent,
> knowledge, and other condition of mind of a person may be
> averred generally.

21  Fed. R. Civ. P. 9(b).  "Rule 9(b) serves not only to give notice to defendants of the specific
22  fraudulent conduct against which they must defend, but also 'to deter the filing of complaints as a
23  pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes
24  from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon
25  the court, the parties and society enormous social and economic costs absent some factual
26  basis.'"  Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001) (quoting In re Stac Elec.

4

Sec. Litig., 89 F.3d 1399, 1405 (9th Cir. 1996)). Accordingly, pursuant to Rule 9(b), a plaintiff at a minimum must plead evidentiary facts such as the time, place, persons, statements and explanations of why allegedly misleading statements are misleading. In re GlenFed, Inc. Sec. Litig., 42 F. 3d 1541, 1547 n.7 (9th Cir. 1994); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); Fecht v. Price Co., 70 F.3d 1078, 1082 (9th Cir. 1995).[4]

ANALYSIS

Plaintiff's conclusory allegation of fraud is insufficient under Rules 9(b) and 12(b)(6) of the Federal Rule of Civil Procedure. As noted above, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud." This, plaintiff has failed to do. The court may dismiss a fraud claim when its allegations fail to meet the required pleading standard. Vess, 317 F.3d at 1107; see also Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by 'the who, what, when, where, and how' of the misconduct alleged"). The same principle applies under California law. Tarmann v. State Farm Mutual Auto. Ins. Co., 2 Cal. App. 4th 153, 157 (1991). Plaintiff has failed to state a cognizable fraud claim.

Plaintiff has also failed to state a cognizable claim for usury. The essential elements of such a claim under California law are: the transaction must be a loan or forbearance; the interest to be paid must exceed the statutory maximum; the loan and interest must be absolutely repayable by the borrower; and the lender must have the willful intent to enter into a usurious transaction. Ghirardo v. Antonioli, 8 Cal. 4th 791, 798 (1994); WRI Opportunity Loans II LLC v. Cooper, 154 Cal. App. 4th 525, 533 (2007). There is a rebuttable presumption that a transaction is not usurious. Ghirardo, 8 Cal. 4th at 798-99. Here, plaintiff's complaint fails to allege any facts addressing the essential elements of a usury claim. Rather, he merely provides a

---

[4] In addition, "[u]nder California law, the 'indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages.'" Vess, 317 F.3d at 1105 (quoting Moore v. Brewster, 96 F.3d 1240, 1245 (9th Cir. 1996)).

legal definition of the word. (Compl. at 4.) As such, he has failed to state a cognizable claim. See Jiramoree v. Homeq Servicing, et al., No. CV 08-07511 SJO (Ex), 2009 WL 605817, *1-2 (C.D. Cal. Mar. 9, 2009) (dismissing plaintiff's usury cause action for failure to state a claim stemming from a foreclosure following his default on his mortgage loan).

Plaintiff has also failed to state a cognizable claim for abuse of process. In order to state a cognizable claim for the tort of abuse of process under California law a plaintiff must allege that the defendant used the legal process against plaintiff with an ulterior motive and through a willful act of using the legal process in a manner not proper in the regular conduct of the proceedings. Rusheen v. Cohen, 37 Cal. 4th 1048, 1057 (2006); Booker v. Roundtree, 155 Cal. App. 4th 1366, 1371 (2007). The essence of the tort of abuse of process lies in the misuse of the power of the court for the purpose of perpetrating an injustice. In his complaint plaintiff does not even allege that defendant Chase Home Finance used any legal process nor does he identify any such legal process. (Compl. at 5.) Rather, he alleges only that the defendants "have A (sic) **documented history** of the illegal and unauthorized use of their superior **LAW** (sic), experience and skills to harm unsuspecting individuals seeking to protect themselves." (Compl. at 5) (emphasis in original). Such vague and conclusory allegations that do not address the essential elements of a tort claim for abuse of process are clearly insufficient and fail to state a cognizable claim.

Plaintiff has also failed to state a cognizable claim for intentional infliction of emotional distress. To state a claim for intentional infliction of emotional distress under California law a plaintiff must allege: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) plaintiff's suffering of severe or extreme emotional distress; (3) and actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991); Cervantez v. J.C. Penney Co., 24 Cal. 3d 579, 593 (1979). Plaintiff's complaint does not allege facts suggesting that any conduct engaged in by

defendant Chase Home Finance was extreme or outrageous nor does the complaint allege facts showing that defendant acted with the requisite intent or that plaintiff has suffered severe or extreme emotional distress as a result of defendant's conduct.  (Compl. at 6.)  In light of the foregoing, the court concludes that plaintiff's complaint fails to state a cognizable claim for intentional infliction of emotional distress.

Similarly, plaintiff has failed to state a cognizable claim for trespass.  California law requires that in order to state a claim for trespass a plaintiff must allege that: plaintiff was in lawful possession of the real property; defendant engaged in a wrongful physical invasion or intrusion on the property; and damages were proximately caused to plaintiff by defendant's intrusion on the property.  See Smith v. Cap Concrete, Inc., 133 Cal. App. 3d 769, 774-75 (1982).  In order to maintain an action for trespass, a plaintiff must be in actual possession of the property or have a present right of possession.  Miller and Starr, 6 California Real Estate § 16:29 (3d Ed. Supp. 2009).  In his complaint, plaintiff has failed to allege facts addressing these essential elements of a civil trespass claim.  (Compl. at 6-7.)  Plaintiff has not alleged his ownership or lawful possession of the property in question, nor has he alleged a specific intrusion by defendant Chase Home Finance or any damage incurred thereby.  Accordingly, this claim should be dismissed as well.

Finally, the deficiencies of the complaint make it apparent that plaintiff is not entitled to injunctive relief.  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, ___ U.S. ___, 129 S. Ct. 365, 374 (2008)).  Plaintiff's request for injunctive relief is premised on his flawed substantive claims.  For the reasons set forth above with respect to those claims, plaintiff has failed to demonstrate that he is likely to succeed on the merits, that the balance of equities tips in his favor or that an

injunction is in the public interest. Accordingly, his sixth cause of action, seeking injunctive relief, should be dismissed as well.

The undersigned has carefully considered whether plaintiff may amend his complaint to state any claim upon which relief can be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). Leave to amend would clearly be futile in this instance given the deficiencies of plaintiff's complaint discussed above. Accordingly, the undersigned will recommend that this action be dismissed with prejudice.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that defendant's request for judicial notice (Doc. No. 7) is granted; and

IT IS RECOMMENDED that:

1. Defendant's motion to dismiss (Doc. No. 6) be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and

2. This action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections shall be filed and served within five days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive

/////

the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 28, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1/orders.pro se/prado0332.mtd.f&r